IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DONNA TAYLOR, ET AL., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No. SA-16-CV-724-XR |
| | § | |
| CAVENDER BUICK OF TEXAS LTD., ET AL, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

**ORDER**

**Background**

Plaintiffs allege that in October 2005, the Cavender Defendants sold a 2005 GMC Express van to some unidentified person or entity. Plaintiffs allege that the front seat belts in the van were designed and manufactured by the Delphi/Autoliv Defendants.

On June 16, 2014, Robert Underfinger, III was a passenger in the front right seat of the Express van. Even though he was wearing a seat belt, he was ejected from the van when the driver of the van lost control of the vehicle and the van rolled over. Underfinger died in the incident.

Plaintiffs filed suit on June 15, 2016 in the 285th Judicial District Court of Bexar County, Texas. Plaintiffs assert two causes of action against all defendants – strict liability and negligence. Defendants removed the case to this court asserting that this Court has diversity jurisdiction.

Plaintiffs allege in this lawsuit that the van was equipped with a defective and unreasonably dangerous safety belt system. Further, Plaintiffs allege that the Cavender Defendants failed to replace the defective seat belts prior to their sale of the van, nor did they notify the purchaser of the van that the seat belts were the subject of a mandatory safety recall.

Plaintiffs are residents of Alabama and Florida. Eight of the Defendants are citizens of other states. Two defendants (Cavender Buick of Texas Ltd. and Cavender Brothers Management Ltd.) are citizens of Texas. Under the forum defendant rule, 28 U.S.C. § 1441(b)(2)[1], even if complete diversity exists, if any defendant is a citizen of the forum, then a case may not be removed based on diversity jurisdiction. The issue in this case is whether the two Texas defendants were improperly joined.

**Improper joiner**

In the context of a forum defendant, the Fifth Circuit has explained the improper joinder analysis as follows:

> A removing party may establish federal diversity jurisdiction by demonstrating that the state court plaintiff "improperly joined" all forum defendants. To establish improper joinder, the removing party must prove either '(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court.' We have explained that 'the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.' A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder. The federal court's inquiry into the reasonable basis for the plaintiff's state-court

---

[1] "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C.A. § 1441(b)(2).

> recovery is a 'Rule 12(b)(6)-type analysis,' although the court retains discretion to pierce the pleadings and conduct summary proceedings, including limited jurisdictional discovery. Ultimately, '[t]he burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one.' We repeat for emphasis that 'any contested issues of facts and any ambiguities of state law must be resolved' in favor of remand.

*African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

In their Notice of Removal, Defendants stated that removal was proper despite the presence of the forum defendants because pursuant to Texas Civil Practice and Remedies Code Chapter 82, a seller of a vehicle is not liable in a products liability claim, unless one of the exceptions listed under 82.003 are met. Defendants argue that Plaintiffs failed to allege any of these exceptions in their state court petition, and accordingly failed to state a claim against the Cavender Defendants. Defendants further argue that the Cavender Defendants were improperly joined because neither Cavender Defendant sold the van in question.

**Plaintiffs' Motion for Remand**

First, Plaintiffs argue that Defendants have not established that the Cavender Defendants did not sell the van in question. Plaintiffs tender the affidavit of Randy Robertson and a Carfax vehicle history report that indicate the van was serviced on April 29, 2005 by Cavender Buick GMC North. Confusingly Robertson's affidavit states that the "original, non-dealer purchaser of the van was Capps Van and Car Rental." The Carfax report does not identify Capps. The Carfax report, however, states that the first owner of the van owned the vehicle from June 2, 2005 until October 6, 2005. Robertson's affidavit then states the van "was in fact *owned or under the direct control* of Cavender Buick GMC North…." (emphasis added).

Secondly, Plaintiffs argue that they have pled negligence claims against the Cavender Defendants and accordingly have stated a claim that precludes the improperly joined theory.

Finally, Plaintiffs argue that they have pled the inapplicability of Chapter 82, because of the seller's independent negligence in inspecting the vehicle, preparing the vehicle, failing to advise the purchaser of a known and foreseeable danger, and failing to remedy the known defect prior to the point of sale.

**Analysis**

The Court concludes that Plaintiffs' statement that the Cavender Defendants owned the van in 2005 is conclusory.  The affidavit of Kevin Rose, the Manager of GM Media Archive definitively establishes that the van was sold by GMC in April 2005 to Friendly Chevrolet, Ltd. In Dallas, Texas.  The van was then sold by Friendly to Capps Van and Car Rental in San Antonio, Texas.  Plaintiffs' allegations in their state court petition - that the Cavender Defendants failed to replace the defective seat belts prior to their sale of the van – fail to state a cause of action because the Cavender Defendants never owned or sold the van.  Likewise, Plaintiffs' allegations in their state court petition – that the Cavender Defendants failed to notify the purchaser of the van [after they ostensibly sold the van] that the seat belts were the subject of a mandatory safety recall – fail for the same reason.  The Cavender Defendants never owned or sold the van.  In addition, the allegations fail because the recall bulletin regarding the seat belt buckle was not issued by GM until March 16, 2006.  Accordingly, even if the Cavender Defendants owned and sold the van in October 2005, there was no knowledge of a dangerous or defective condition at that time and Plaintiffs' conclusory statements fail to state a claim.  Plaintiffs' argument that because the Cavender Defendants may have serviced the vehicle it was "under the direct

control of Cavender Buick GMVC North" is wholly conclusory and does not require a remand of this case.

Plaintiffs' strict liability and negligence allegations in their state court petition are all premised under the assumption that the Cavender Defendants sold the vehicle and as sellers placed the vehicle in the stream of commerce. See Original Petition at ¶¶ 28 and 29. All parties spend a great deal of effort arguing about whether Tex. Civ. Prac. & Rem. Code Chapter 82 applies to this case given the original GM manufacturer and original Delphi manufacturer no longer exist.[2] Plaintiffs, however, fail to state a claim against the Cavender Defendants because they were not a seller of the vehicle.  See Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a) ("A *seller* that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves: …."). See also Tex. Civ. Prac. & Rem. Code Ann. § 82.001(3) ("'Seller' means a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof."). As a backup argument, Plaintiffs appear to argue in their Reply to Defendants' Response to Motion to Remand (docket no. 17) that Texas law does not require the Cavender Defendants to be an actual seller of the vehicle and their mere servicing of the vehicle is enough to establish that they were involved in the chain of distribution. Plaintiffs cite no authority for their statement. Plaintiffs may be referring to *Fresh Coat, Inc. v. K-2, Inc.*, 318 S.W.3d 893 (Tex. 2010). *Fresh Coat* is inapposite. In *Fresh Coat,* the question was whether a company that both sold and installed a product was a seller under Chapter 82. Plaintiffs have

---

[2] "A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves … that the manufacturer of the product is insolvent." Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a)(7).

made no allegations in their state court petition that the Cavender Defendants manufactured the seat belts, installed the seat belts, or modified them in any way.

To the extent that Plaintiffs' argument is the Cavender Defendants did some unspecified servicing or inspection of the van after GMC sold the van to Friendly and before Friendly sold the vehicle to Capps, this argument fails to satisfy the statute's "or otherwise distributing" language.  See *New Texas Auto Auction Servs., L.P. v. Gomez De Hernandez*, 249 S.W.3d 400, 402 (Tex. 2008) ("*p*roduct-liability law requires those who place products in the stream of commerce to stand behind them; it does not require everyone who facilitates the stream to do the same.").  See also *State Farm Lloyds v. Polaris Indus., Inc.*, No. CIV.A. 6-12-19, 2012 WL 3985128, at *3–4 (S.D. Tex. Sept. 11, 2012) (Plaintiff's Motion to Remand denied) ("State Farm cites no Texas case, nor could this Court find any, that imposes a duty on a post-sale servicer to discover and warn about a latent manufacturing defect. The Court therefore concludes that there is no reasonable basis to believe that Plaintiffs will be able to recover from [Defendant]."

To the extent that Plaintiffs' negligence claims are based on regardless of who sold the vehicle, the Cavender Defendants negligently performed their servicing or inspection, this argument fails.  Plaintiffs' statement that the servicing or inspection was negligent is conclusory and the petition fails to state what acts or inactions vis a vis any servicing of the seat belts were allegedly negligent.  See *Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 808 (S.D. Tex. 2011) ("Even if Plaintiff's allegation that Wal–Mart negligently serviced the vehicle and/or negligently installed the tire was supported by evidence that Wal–Mart was involved with servicing the vehicle or installing the tire, Plaintiff would still be required to show evidence of causation.").

**Plaintiffs' Motion for Limited Discovery**

Plaintiffs seek to conduct discovery aimed at six of the Defendants' challenges to personal jurisdiction made while this case was in the state court. Defendants argue that this request is premature and that they should be given the opportunity to file motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and if such motions are filed, the Plaintiffs should then request discovery on the personal jurisdiction issue. The Court agrees with Defendants. Plaintiffs' motion is denied.

## Conclusion

Plaintiffs' Motion to Remand is denied. Cavender Buick of Texas Ltd. and Cavender Brothers Management Ltd. were improperly joined and are dismissed from this case without prejudice. Plaintiffs' Motion for Limited Discovery is denied.

SIGNED this 7th day of November, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE